ST. LOUIS QUARRY AND CONSTRUCTION COMPANY, Appellant, v. ALICE B. VON VERSEN et al., Respondents.

81 519
90 689,

### St. Louis Court of Appeals, November 28, 1899.

Special Tax Bill, Suit On: VIOLATION OF CITY CHARTER: COURT'S FINDINGS. The contract made in subordination of City Ordinance No. 18960 for street reconstruction in the City of St. Louis for the payment of which the special tax bill was issued, was violative of section 27, article 6 of the city charter, on the ground that such ordinance and contract in the face of the charter, prevented competition and increased the cost of the work, which rendered the contract void, and the tax bill likewise void

Appeal from the City of St. Louis Circuit Court.—*Hon. Horatio D. Wood*, Judge.

AFFIRMED.

*Sale & Sale* for appellant.

(1) The clause in the contract requiring that the dressing of rock used should be done in the State of Missouri did not contravene either the letter or the spirit of Article VI, section 27, of the charter of the city of St. Louis. Verdin v.

City of St. Louis, 131 Mo. 26, p. 173; Sanitary District of Chicago v. Lee, 79 Ill. App. 159; Littler v. Jayne, 124 Ill. 123. (2) The court erred in admitting evidence as to whether the municipal assembly had wisely exercised its discretion in passing the ordinance requiring the dressing of rock to be done in the state of Missouri. There being no express prohibition in the charter against any action of the assembly, their acts can not be inquired into by the courts. Gibson v. Owens, 115 Mo. 258; Sheehan v. Owen, 82 Mo. 458; Johnson v. Duer, 115 Mo. 366. (3) No fraud on the part of either the plaintiff or any of the officers of the city being charged, or an injury having been done to the defendant by the insertion of the clause requiring the dressing of stone to be done in the state of Missouri, and the work having been done without objection on the part of defendant, she should not be permitted to escape payment. Warren v. Paving Co., 115 Mo. 572.

*Lubke & Muench* and *Lambert E. Walther* for respondent.

(1) Ordinances numbers 18960 and 16514, made part of the contract between appellant and the city of St. Louis, are void, because they violate sections 4 and 30 of article II of the constitution of Missouri, and the fourteenth amendment to the constitution of the United States. State v. Julow, 129 Mo. 163; State v. Loomis, 115 Mo. 319; Ramsey v. People, 142 Ill. 380. (2) The special tax bill is void, because it shows upon its face that the amount assessed against respondent's lot was not estimated according to the benefit derived by respondent's property from the construction of the street, but according to the number of front feet; and because no hearing was accorded respondent on the question of what, if any, benefit, was derived by her property from the improvement. Fay v. City of Springfield, 94 Fed. Rep. 409; Sears

v. Street Commissioners, 53 N. E. Rep. (Mass.) 877; Norwood v. Baker, 172 U. S. 269.   (3)   The contract under which the special tax bill herein sued upon was issued is void, because of the provisions that "all of the work of dressing rock, granite or stone required by it should be done within the territorial limits of the state of Missouri," and the provision that the contractor was to employ no one to work more than eight hours per day.   Both of said provisions violate section 27 of article 6 of the scheme and charter of the city. Verdin v. City, 131 Mo. 91.

BIGGS, J.—This is an action on a special tax bill which was issued for the reconstruction of a street in front of premises belonging to defendants and situated in the city of St. Louis.   The defenses were that the tax bill was void because (1) that the bid and contract included work for the reconstruction of the street and future repairs thereon; (2) that the amount assessed against defendants' property was determined by the number of front feet, and not according to the benefits to the property from the reconstruction of the street, and (3) that the bid and contract for the work were made in subordination to city ordinance No. 18960, which provides that "all of the work of dressing rock, granite or stone required by it, should be done within the territorial limits of the state of Missouri," which it was claimed was violative of section 27, article VI of the charter of the city of St. Louis.   The cause was submitted to the court without the intervention of a jury. The finding and judgment were for the defendants and the plaintiff has brought the case here by appeal.

It will only be necessary for us to discuss the last defense, as the others were decided in favor of the appellant. As to it the court gave the following declaration of law, to wit:   "The court declares the law to be that under the contract offered in evidence it was required that all the work of dressing rock, granite or stone required by said contract,

should be done within the territorial limits of the state of Missouri, and said work could not under said contract be done in any other portion of the United States.

"The court further declares the law to be that if it shall find from the evidence that the effect of the provision in said contract above mentioned was to prevent competition and to increase the cost of doing the work referred to in the evidence, and that said provision could not in any way tend to procure a better class or quality of work under the contract refered to in the evidence, then said contract was in violation of the provision of the charter of the city of St. Louis, and was illegal and void as against defendants in this case, and the special tax bill in payment of said contract was also illegal and void."

One of the objects of section 27, article VI of the charter was to secure competition in the letting of work for the improvement of streets. It provides that in letting such contracts the board of public improvements shall advertise for bids for the work, "and let out said work by contract to the lowest responsible bidder," etc. Unquestionably these requirements were intended to secure unrestricted competition among bidders and if in the case at bar the effect of the ordinance mentioned was to prevent competition and to increase the cost of the work, then the contract for the work was in violation of the charter, which rendered it void and the tax bill issued thereunder was likewise void. The circuit court submitted these questions of fact to itself as the trier of the facts, and it found that the effect of the ordinance was to restrict the bidding, thereby increasing the cost of the work. As there was substantial evidence to support the finding we must affirm the judgment. It is so ordered. All concur.