M. SHOENBERG, Respondent, v. R. H. FIELD, Appellant.

Kansas City Court of Appeals, June 2, 1902.

1. **Kansas City: STREET IMPROVEMENT: BOARD OF PUBLIC WORKS.** Under the charter of Kansas City, where a street is by ordinance ordered to be improved as a business street and the property-holders fail to make a selection between the materials mentioned in the ordinance, that duty devolves upon the board of public works and can not be delegated.

2. ———: ———: **SELECTION OF MATERIAL: COMPETITION.** The board of public works in selecting material for the improvement of a street can not select a material manufactured or monopolized by a single firm and thus cut off competition.

3. ———: ———: **BOARD OF PUBLIC WORKS: ESTOPPEL.** Although a property-holder may have signed a petition selecting a given material for a street improvement, which petition is presented out of time, he is not estopped from objecting to the action of the board of public works in selecting the material indicated in the petition, since the petition is without legal import and therefore can not work an estoppel.

4. ———: ———: **SELECTION OF MATERIAL: MONOPOLY: BRICK.** The rule that patented or monopolized articles may be selected for street improvement, notwithstanding the public-competition clause in the charter, whether valid or not, has no application to the selection of vitrified brick for a street improvement, since such brick are common articles of manufacture and sale.

Appeal from Jackson Circuit Court.—*Hon. Jno. W. Henry*, Judge.

REVERSED.

*N. F. Heitman* and *R. H. Field* for appellant.

(1) It having been made clear by the testimony that the board of public works did not exercise its judgment in the selection of the vitrified brick of the Diamond Brick & Tile Company, as the brick material

for the pavement, and that such designation and selection by the board of public works was due to a practice of the board, then in vogue, to designate whatever materials might be specified in a petition, signed by residents owning a majority in front feet of the land fronting on a proposed street pavement, filed by the agent or promoter of materials of a particular manufacturer or owner, the taxbills are void. Birdsall v. Clark, 73 N. Y. 73; St. Louis v. Russell, 116 Mo. 248; Neill v. Gates, 152 Mo. 594; City of Rich Hill v. Donnan, 82 Mo. App. 386; Elkhart County Lodge v. Cary, 98 Ind. 238; Brooks v. Cooper, 50 N. J. Eq. 761; Common Wealth v. Cambridge, 7 Mass. 166; Dudley v. Butler, 10 N. H. 281; Dillon Mun. Corp. (4 Ed.), sec. 96 and sec. 779; Thomas v. Railroad, 101 U. S. 71; Central Transp. Co. v. The Pullman Car Co., 139 U. S. 24. (2) There is and could be no estoppel to make any defense made to the special taxbills. But any and every defense to the taxbill for any non-compliance with a charter provision is as much open to a property-owner petitioning for the work as to a property-owner who did not petition for the work. McClauren v. City of Grand Forks, 6 Dak. 397; Steckert v. City of Saginaw, 22 Mich. 104. (3) Mutuality is a necessary ingredient of an estoppel. There can be no estoppel of one party unless the other is estopped. Hempstead v. Easton, 33 Mo. 142; Carondolet v. St. Louis, 29 Mo. 527; In re Curtis, 91 Fed. Rep. 738, 742. (4) The failure of the board of public works to exercise its own judgment in the designation of material for the pavement, unbeguiled and unbiased by the petition signed by property-owners, filed by the agent of the Diamond Brick & Tile Company, and the ultimate designation by the board of public works of the vitrified brick manufactured by the Diamond Brick & Tile Company, eo nomine, being contrary to public policy, no estoppel to make that defense can be grounded on such petition. Greenhood on Public Policy, pp. 670,

115; Brooks v. Cooper, 50 N. J. Eq. 761; Elkhart
County Lodge v. Cary, 98 Ind. 238; In re Curtis, 91
Fed. Rep. 738; Kohn v. Melcher, 43 Id. 644; Ry. Co.
v. Ry. Co., 61 Id. 993; Sprague v. Rooney, 104 Mo. 349.
(5) In no view could the petition of resident prop-
erty-owners be any estoppel against appellant who did
not sign such petition. The signature of his co-tenant
to the petition only purported to represent an undi-
vided one-half of the lots of land described in the tax-
bills sued on. It could therefore be no estoppel against
appellant. Reed v. Crapo, 127 Mass. 39; s. c., Reed
v. Crapo, 133 Mass. 201; Mulligan v. Smith, 59 Cal.
206. (6) The delegation of power to the board of
public works is to designate different kinds of paving
materials and not different manufacturers or species
of the same kind of materials, nor a different manner
or extent of the work. The power delegated is to be
strictly construed and is not to be extended by impli-
cation. Dillon Munic. Corp. (4 Ed.), sec. 763; Beach
Pub. Corp., secs. 557, 1042, 1166; Burroughs on Taxa-
tion, sec. 148; Cooley on Taxation (2 Ed.), 276; West-
port ex rel. v. Mastin, 62 Mo. App. 654; City of Nevada
v. Eddy, 123 Mo. 546; The City of St. Louis v. Bell
Telephone Co., 96 Mo. 623; Knapp v. Kansas City, 48
Mo. App. 485. (7) A monopoly is contrary to public
policy, unless created under express sanction of sov-
ereign authority. A city is not a sovereign authority.
It has such powers, and only such powers as are dele-
gated by the sovereign power of the State. It there-
fore follows as established and universal municipal
law, that a city can not, without express charter auth-
ority, make a contract nor pass any ordinance which
creates or which tends to create a monopoly and that
any such contract or ordinance is absolutely void
whether there is or is not a provision in the city's char-
ter requiring work or the contract to be let to the
lowest bidder. Dillon on Municipal Corp. (4 Ed.),
secs. 322, 325, 329 and particularly 362; City of Atlanta

v. Stein, 111 Ga. 789; Adams v. Brennan, 177 Ill. 199; City of Chicago v. Rumpf, 45 Ill. 90; Town of Crowley v. West, 52 La Ann. 526; Brooks v. Cooper, 50 N. J. Eq. 761; State ex rel. v. Warden of Prisons, 157 N. Y. 126; Sayre Burro v. Phillips, 148 Pa. St. 482; McQuiddy v. Brannock, 70 Mo. App. 548; State v. Portland Nat. Gas Co., 153 Ind. 489; United States v. Chesapeake & O. Fuel Co., 105 Fed. 93; United States v. Coal Dealers Assn., 85 Fed. Rep. 252; San Antonio Gas Co. v. Texas, 22 Tex. Civil App. 118; San Antonio Gas Co., v. Texas, 54 S. W. 289; Texas Standard Oil Co. v. Adone, 83 Tex. 650; Bailey v. Master Plumbers, 103 Tenn. 110; Nester v. Continental Brewing Co., 161 Pa. St. 473; Kiley v. Oppenheimer, 55 Mo. 374; St. Louis Quarry & Const. Co. v. Von Versen, 81 Mo. App. 519; Brady v. Bartlett, 56 Cal. 350.

*E. Wright Taylor* for respondent.

Filed an argument analyzing the authorities in ·appellant's brief.

ELLISON, J.—This action is to enforce a lien of a special taxbill, issued for paving a street in front of the defendant's property in Kansas City, as a "business street." The judgment in the trial court was for the plaintiff.

Provision is made in section 2 of article 4, of the charter of Kansas City, for paving the streets by the city council passing a resolution declaring it to be necessary, and, if no remonstrance from a majority of property-owners was thereafter presented ·in a designated time, by passing an ordinance directing a contract for the work. The last proviso in said section, authorizing the paving of a street as a business street, reads as follows:

"Provided further, however, that if the board of public works shall unanimously recommend to the

common council that any business street or part
thereof be paved . . . and the payment therefor
is to be made in special taxbills, and the common coun-
cil shall, by ordinance, order such work to be done by
a vote of two-thirds of the members elect of each house
of the common council, then such work may be done
without any resolution, as herein before provided, and
regardless of such remonstrance. When the work shall
be so recommended by the board of public works and
so ordered by the common council as last above men-
tioned, the resident owners of the city who own a
majority in front feet of the lands belonging to such
residents and fronting on such street . . . or part
thereof to be improved, shall have the right to select
the material with which such street . . . or part
thereof shall be paved, from not less than two kinds
of materials, to be designated by the board of public
works, such selection to be made by them within ten
days after such ordinance shall have taken effect, and
been published for ten days in the newspaper at the
time doing the city printing, which selection shall be
by petition, addressed and delivered to the board of
public works. If such selection be not made within
such time, then the board of public works shall desig-
nate the material with which such street . . . or
part thereof shall be improved.''

The board of public works, as thus authorized to
do, unanimously recommended that the street in con-
troversy be paved as a business street, and the council
duly passed an ordinance to that effect. The board
of public works designated the material, in words fol-
lowing, to-wit: ''Trinidad Lake asphalt on concrete
to be laid according to detail four of asphalt pave-
ment, approved by said board August 11, 1896, and on
file in the office of said board.

''Bermuda, California, Trinidad or any other
asphalt equally as good as those designated, on con-
crete, to be laid according to detail F, of asphalt pave-

ment, approved by said board October 18, 1892, and on file in the office of said board.

"American bituminous rock on concrete to be laid according to detail I, of asphalt pavement, approved by said board August 11, 1896, and on file in the office of said board.

"Vitrified brick, as manufactured by the Diamond Brick & Tile Company, on concrete, to be laid according to detail I, of brick pavement, approved by said board November 26, 1895, and on file in the office of said board.

"Vitrified brick, as manufactured by the Kansas City Vitrified Brick Company, the Pittsburg (Kansas) Vitrified Brick Company, or any other vitrified brick equally as good as those designated, on concrete to be laid accordingly to detail four of brick pavement, approved by said board August 11, 1896, and on file in the office of said board.

"Granite or sandstone blocks on concrete, to be laid according to detail C of stone block pavement, approved by said board July 9, 1892, and on file in the office of said board."

Publication was duly made as required by the charter, and the property-owners owning a majority of the front feet on the street undertook to select the material from that designated by the board of public works, by presenting a petition signed by them naming "Vitrified brick on concrete to be laid in accordance with detail I, of brick pavements, approved by the board of public works, November 26, 1895." This, according to the ordinances and proofs in the case, meant a certain vitrified brick manufactured by a certain company known as "The Diamond Brick and Tile Company." But this petition was not presented until one or more days after the ten days, limited by the charter for its presentation, had expired. The board of public works thereupon took and recorded the following action:

"The city engineer reported all the proceedings necessary for the pavement of Main street from Nineteenth street to Twentieth street, as a business street, have been complied with, and as the property-owners have, by petition representing a majority of front feet of real estate owned by residents of Kansas City and fronting on said part of Main street, selected vitrified brick according to detail I, approved by the board of public works, November 26, 1895, as the material with which said part of Main street shall be paved, the board of public works in addition to such selection of material by petition of property-owners, hereby selects and designates vitrified brick on concrete according to detail I, approved by the board of public works November 26, 1895, as the material with which said Main street, from Nineteenth to Twentieth street, shall be paved as a business street. The work to be done according to plan and specifications on file in the office of said board."

1. The property-owners had a right to select the material from that designated by the board of public works, provided they made the selection in the time limited by the charter. This was not done, and the duty and responsibility thereupon devolved upon the board of public works to make the particular selection from the material they had theretofore designated. This was a duty that body could not delegate to the property-owners. Rich Hill v. Donnan, 82 Mo. App. 386. And it seems not to have delegated the duty, for by the proceeding above set out, after reciting the fact that the property-owners had made selection by petition, the board, independently of the petition, itself selected the same material. The wording of the order discloses that the board passed its own judgment on the proposition. This was perhaps done in the knowledge that the property-holders were too late in making known their selection.

2. The question thus presented is this: had the

board of public works the power under the charter to arbitrarily select a paving material that was manufactured by one company to the exclusion of the same material manufactured by other companies? The case shows that vitrified brick, as manufactured by the Diamond Brick & Tile Co., was not a patented article and was not thus a monopoly by reason of being patented. On the contrary, several other companies, in and near Kansas City, manufactured such brick for paving which had passed the standard tests for street paving. The general policy in Kansas City is that in letting public work, opportunity must be given for competition. The very fact that the work is let on public notice at public bidding discloses this. Sec. 12, art. 17, Charter; Galbreath v. Newton, 30 Mo. App. 380; McQuiddy v. Brannock, 70 Mo. App. 535, 548. What possible opportunity can there be for competition when there can be but one bidder? What possible benefit can result to the property-holder for a public letting of the contract when the contractor has already been selected? The board of public works had the right to designate and select vitrified brick as the paving material, but it had no right to stifle competition and thereby violate the provisions of the city charter, by cutting out, in advance, all competitors. The precise question has been lately presented to the New York Court of Appeals and decided as we here decide, that a taxbill resulting from such proceeding is void. The syllabus to that case succinctly states the facts and the decision thereon. It is as follows:

"A petition for the pavement of a street in the city of Syracuse, with vitrified paving brick, manufactured by the New York Brick and Paving Company, of Syracuse, N. Y., and all the proceedings had thereon by the common council, are in violation of the provisions of the city charter requiring the work to be let to the lowest bidder, and are void, when it appears that the company referred to has a complete

monopoly upon the disposal of such brick, and that there are other persons or corporations who manufacture and sell vitrified brick for paving purposes, equal in quality to the particular kind specified.'' Smith v. Syracuse Improvement Company, 161 N. Y. 484.

3. Estoppel was pleaded in that the defendants (there were two sued as owners of the real estate, but only the present defendant appealed) signed the petition aforesaid making the same selection of the material which the board of public works thereafter itself selected. We do not gather from the record that this appealing defendant signed the petition, though his co-defendant did. But however that may be, there can be no estoppel in the case, and it was so declared by the trial court. The petition, by being presented out of time, was an unauthorized paper and could bind no one. It could not be the basis of an estoppel. In order to work an estoppel it must have caused the board to make the selection it asked. But plaintiff can not take that position without destroying his case, since, if the petition was the cause of the board's order, the order would be void, as the petition was a mere nullity, not being presented within the time prescribed by law. The only way to uphold the board's order is to do as we have done here, construe it to be an order on the judgment of the board independent of the petition.

4. It has been a subject of much discussion in many of the courts whether, under a charter requiring a public letting to the lowest bidder, there could be a valid contract based on an ordinance requiring the use of a certain material which, on account of being patented, or held in monopoly, could only be furnished by one party. One of the points urged in behalf of the power of the city to make such contracts is that to disallow such power would cut off the use of many of the most valuable articles of material. The subject

has been discussed in our Supreme Court in Virden v. City of St. Louis, 131 Mo. 26, and Barber Asphalt Co. v. Hunt, 100 Mo. 22. But we need not go into that question in this case. The material here specified was not a patented material or held in monopoly, and no reason existed why the restriction to material which could be furnished by but one party should have been made.

The charter aforesaid (sec. 12, art. 17) provides: "All city improvements of whatever kind or character, including the erection of all public buildings, made or to be erected at the expense of the city, and including all work to be paid for in special taxbills, except as in this charter otherwise provided, shall be let by contract to the lowest and best bidder as shall be prescribed by ordinance; *provided*, however, that nothing in this section shall be so construed as to prevent repair by day's work of streets, alleys and other public places, curbing, sewers, culverts, buildings or other city property, so far as may be necessary, under the direction of the board of public works."

It has not been suggested that these provisions shall in no case be respected. On the contrary, it has been held that they are to be disregarded only "on account of their inherent inapplicability to the nature and circumstances of the case. Baird v. Mayer, 96 N. Y. 582. In this case there was full room for application of such provisions. Vitrified brick for paving purposes were a common article of manufacture and sale. The monopoly in this case was not a monopoly made by the exceptional character of the material, or the fact that the material was held by one party, but it was a monopoly made and brought into existence by the board of public works. If this can be done in the face of the charter, then, as said in Larned v. City of Syracuse, 17 App. Div. Supreme Court New York 27, bids could be restricted to lime or cement made by one favored party, and to rock broken or crushed by some

other favored party. Thus would all protection be withdrawn from the property-owner and full play be given to fraud, favoritism and corruption.

The judgment, with the concurrence of the other judges, is reversed.