CHARLES MUFF, Appellant, v. JAMES CAMERON et al., Respondents.

Kansas City Court of Appeals, December 7, 1908.

1. TAXBILLS: Crossings: Statute: Pavement. The charter of third-class cities in providing that crossings at street intersections should be paid for out of the general revenue, contemplated walks which would be distinct from the paving; but when the paving can be used as a crossing the separate mode of payment is not required, but the cost may be taxed in the paving taxbill.

2. ————: Catch-Basins: Tiling: Pavement: Resolution. In a resolution declaring the pavement of a street necessary the word "pave" is used with a broader significance than in a specification since the resolution is made to inform the public of the general nature and kind of improvement and will authorize an ordinance and contract for gutters, catch-basins and connections with the sewer.

3. ————: **Ordinance: Competition.** Where an ordinance merely adds another make of vitrified brick to that in ordinary use, there is no interference with competition.

4. ————: ————: ————. The ordinance required "Iola Portland Cement or better." *Held*, not to interfere with competition.

5. ————: **Method of Assessment: Front Feet.** Where an assessment is made in proportion to the number of front feet held by the owner at the time it is proper.

6. ————: **Evidence: Appellate Practice.** Where the trial court determines questions of fact in keeping with the evidence the judgment cannot be disturbed on appeal.

**On Motion for Rehearing.**

7. ————: **Competition: Specifications: "Or Better."** It is held to be improper to insert in a specification a provision that the cement shall be "Iola Portland Cement or better," since it can be interpreted to exclude other materials equally as good.

8. ————: ————: ————: ————: **Appellate Practice.** *Held*, the matter cannot rest on the record in this cause, since the petition sets out no such cause for declaring the taxbills void and there is a failure to save exceptions to the action of the court in refusing the amendment of the petition to correspond with the evidence.

Appeal from Grundy Circuit Court.—*Hon. George W. Wanamaker,* Judge.

AFFIRMED.

*A. G. Knight* and *Hall & Hall,* for appellant, filed argument.

*H. J. Bain,* City Attorney, *O. G. Williams, Theodore A. Craig* and *E. M. Harber,* for respondents, filed argument.

ELLISON, J.—Trenton is a city of the third class and operates its government under the terms of the general statutes providing charters for such cities. It issued certain taxbills against property abutting on a street for paving such street. Plaintiff is one of the

property-owners and seeks by bill in equity to cancel the bills. The trial court refused his prayer.

By the terms of the charter it is necessary that a resolution be adopted by the city council declaring the paving to be necessary and an intention to do it. The charter provides that "foot walks" at intersections or crossings shall be paid for out of the general revenue, while paving shall be paid for by taxbills against abutting property. [Secs. 5858, 5859, R. S. 1899; Laws 1901, p. 65.] The resolution declared an intention to pave the street with vitrified brick between the curbs, and the ordinance afterwards passed provided for paving the street at all intersections. Plaintiff insists that foot walks were thus provided for as paving which must be paid by abutting property, when they should have been provided for as foot or cross walks and paid for from the general revenue. The charter in providing that crossings at street intersections should be paid for out of the general revenue, contemplated walks which would be distinct from the paving. But when the paving is of such nature as to operate as a crossing and no separate construction of crossings is provided for, it seems reasonable that a separate mode of payment would not be required and the place where, ordinarily, a crossing is constructed, would be properly taken as paving and paid for by taxbills.

It is also urged that catch-basins, at intervals, were connected with an existing underground sewer so as to lead the surface water to the sewer, and that the tile pipe for this purpose and the work of connecting with the sewer were included in the cost of the paving; and while these were provided for in the ordinance, they were not included in the resolution; and that therefore the taxbills should be annulled on account of being in part the result of work not contemplated by the resolution. We are cited to City of Kirksville v. Coleman,

103 Mo. App. 215, in support of this. Whether such work was included in the resolution must depend on the breadth of meaning to be attached to the word "pave" as used in the resolution. It is a word the meaning of which, like most any other, will depend upon where, and the connection in which, it may be used. In the resolution mentioned in the charter it may well have a broader meaning than if it were used in specifications, for the reason that the resolution need only be sufficiently specific to fully inform the public of the general nature and kind of improvement, and is not understood to demand that specific and minute detail which is expected to be found in specifications. City of Kirksville v. Coleman, supra, does not support plaintiff's point. The resolution there condemned did not name any kind of paving. So we think the word, as used in the resolution in this case, should be held to authorize an ordinance and contract for gutters, catch-basins and connections made to an underground sewer. [Excelsior Springs v. Ettenson, 120 Mo. App. 215; Hamilton on Assessments, sec. 589; Elliott on Roads, sec. 461; Delemater v. Chicago, 158 Ill. 575; Sawyer v. Chicago, 183 Ill. 57; Warren v. Hanley, 31 Iowa 31.]

Another objection is embodied in the contention that competition was prevented by the action of the council in selecting certain makes of the various kinds of vitrified brick which were submitted. The action of the council in this respect was taken in such way as that by no possibility could it have interfered with competition or a proper letting. In effect the council merely added another make of vitrified brick with which to compete. And instead of being in the face of the cases of Schoenberg v. Field, 95 Mo. App. 241; Swift v. St. Louis, 180 Mo. 80, 95, and Curtice v. Schmidt, 202 Mo. 703, 722, they evidently were aiming to more fully comply with the rule in those cases by requiring full competition.

It is likewise insisted that in providing for cement the council provided for one kind absolutely and thereby cut off competition and likewise fell under the ban of the cases last cited requiring open specifications so that any article of like kind and manufacture might be used. It is said that a cement manufactured alone by the Iola Portland Cement Company was arbitrarily selected. The facts do not bear this out. The language of the ordinance is "Iola Portland Cement or better." We think the proper construction of that language is that Iola Portland Cement should be used, *or* some other kind of cement which was better.

It is also contended that the assessment of the tax on plaintiff's property was invalid, and the cases of Westport v. Mastin, 62 Mo. App. 647, and Sedalia v. Gallie, 49 Mo. App. 392, with others, are cited in support of the point. Here again we think the facts do not bring this case within the rule in those cases. The assessment here was properly made in due proportion to the number of feet held by the owner at that time.

There are other points of objection which we regard as without substance. Among, or along with such points, are several relating to questions of fact as to the work, its proper construction, etc. These were determined by the trial court in keeping with the evidence and we will not disturb the judgment on that account. The argument, oral and written, for the respective parties, was full and complete, and we have given the entire record full consideration and have concluded the judgment should be affirmed. All concur.

## ON MOTION FOR REHEARING.

A motion for rehearing was filed, in which among other things it is insisted that the provision in the specifications for "Iola Portland Cement, or better," gives a monopoly to one manufacturer, viz., the Iola Portland Cement Company. We think not. The provision does

not say that the cement shall be made by any particular manufacturer and the evidence showed there was more than one at Iola. But, on further consideration, we conclude it is not proper to insert in specifications a provision worded like this, though the intention may be to provide for competition. For the words calling for a certain material "or better" can be interpreted to exclude all other material equally as good, and that should not be done.

The matter really does not arise in this case for the reason that it was not included in plaintiff's petition, which set out the various causes why the taxbills should be declared void (Jaicks v. Merrill, 201 Mo. 91, 109). It is true that at the close of the evidence plaintiff asked leave to amend his petition by inserting that the material was "a cement made by one individual or firm, which prevented competition." The amendment was asked, as stated, "for the purpose of meeting the evidence." The request was objected to by defendants and denied by the court. Plaintiff excepted, but failed to assign it in the motion for new trial. Aside from this, the ruling was proper on the ground that the evidence did not show the cement was made by only one party. The motion is overruled. All concur.