## JAMES G. GLENNON, Appellant, v. JEMUEL C. GATES, Respondent.

### Kansas City Court of Appeals, March 29, 1909.

TAXBILLS: Competitive Bidding: Selection of Material: Kansas City Charter: Board of Public Works. The Kansas City Charter permits the board of public works to recommend various kinds of material as suitable for street paving and the property-owners then may select from the material so recommended, and if they fail to make a selection then the board shall designate the kind to be used. The board recommended three or more different kinds of paving brick as suitable to be used. The property-owner failed to make a selection. The board thereupon designated a given brick manufactured by a given company. Held, such selection destroyed competition which the charter vouchsafes to the property-owners by requiring a public letting to the best bidder. [Cases considered.]

Appeal from Jackson Circuit Court.—*Hon. Thos. A. Seehorn,* Judge.

AFFIRMED.

*Johnson & Lucas* for appellant.

(1) The declaration of law asked by plaintiff should have been given, because Pittsburg vitrified brick could be had at only one place of one manufacturer, and hence the designation of it was not contrary to law and the proper construction of the charter of Kansas City. Barber Asphalt Co. v. Hunt, 100 Mo. 27; Verdin v. St. Louis, 131 Mo. 100; Swift v. St. Louis, 180 Mo. 92; Barber Asphalt Co. v. Field, 188 Mo. 200; Construction Co. v. Coal Co., 205 Mo. 68.

*Henry N. Ess* for respondent, Jemuel C. Gates.

The court committed no error in refusing to give the instruction asked. Section 12, Article XVII, Kansas City Charter, pp. 234-5; Sec. 2, Article IX, Kansas City Charter, p. 137; Curtice v. Schmidt, 202 Mo. 720; Schoenberg v. Field, 95 Mo. App. 241; Taylor v. Schroeder, 130 Mo. App. 485; Heidelburg v. St. Francois Co., 100 Mo. 74.

ELLISON, J.—This is an action to enforce a special taxbill as a lien against defendant's property. The result of the trial was to declare the bill to be void, and plaintiff has brought the case here.

The bill was issued for street paving in Kansas City, Missouri. The charter of that city makes provision for the recommendation by the board of public works of several kinds of pavement to be used in paving which may be ordered by the proper authority of the city. It further provides that the majority of property-owners may select from this recommendation the particular kind of paving they desire. But if the property-owners fail to make the selection then the

board of public works shall select and designate the
kind. In this case the board recommended the follow-
ing:

"Vitrified Brick as manufactured by
    The Kansas City Vitrified Brick Company,
    The Diamond Brick Company,
    The Pittsburg (Kansas) Vitrified Brick Co.,
Or any other vitrified brick equally as good as those
    named."

But the property-owners failed to exercise their
choice and the board thereupon made this order: "The
board of public works selects Pittsburg (Kansas) vit-
rified paving brick as the material with which to pave
the within named alley and fixes the price not to ex-
ceed $1.70 per square yard."

The case was tried on an agreed statement of facts
wherein it was stated:

"At the time the written recommendation made
by the board of public works to the common council of
Kansas City to have this alley paved as a business alley
and at the time of the passage and approval of the or-
dinance for paving this alley copied herein and at the
time of the making of the contract pursuant to which
the taxbill sued on was issued, vitrified brick as man-
ufactured by the Diamond Brick and Tile Company, the
Kansas City Vitrified Brick Company and Pittsburg
(Kansas) Vitrified Brick Company were in use in Kan-
sas City as paving brick and they all complied substan-
tially in every respect with the details in brick pave-
ments as copied in this statement and there were other
vitrified brick which complied with substantially and
were in substantial accordance with all the specifica-
tions and details set out in this statement."

And it was further stated on part of plaintiff that:
"No person, firm or corporation during the year 1901,
in Pittsburg, Kansas, manufactured and sold vitrified
brick as described in the recommendation of the board
of public works and in the ordinance in evidence, except

the Pittsburg (Kansas) Vitrified Brick Company, manufacturer of the brick selected and used in paving the alley under the contract in evidence."

The instruction asked by plaintiff and refused was as follows:

"The court declares the law to be that if there was but one plant for the manufacture of Pittsburg Vitrified brick at Pittsburg, Kansas, and that was the plant from which the brick designated by the board of public works came, then the board had the right under the testimony to designate such brick for the paving of said street, and the finding will be for the plaintiff."

It appears by the foregoing that while there were several kinds of vitrified brick of equal durability and equally well suited, in every way, for paving, yet the board of public works selected one of these absolutely, and thereby cut off all opportunity for the owners of the other kinds to submit bids, and destroyed the competition which the charter vouchsafes to the property owner by requiring a public letting to the best bidder.

Vitrified paving brick of equal quality and suitableness is conceded by the agreed statement to be a material manufactured by a number of different persons or corporations; and to allow a public body which, in effect, is exercising the right to take private property for public use, to select a favorite from among these would be an inexcusable and gross injustice, and would be in the face of the decisions of the Supreme Court in the cases of Curtice v. Schmidt, 202 Mo. 703, 721-725, and Swift v. St. Louis, 180 Mo. 80, 95, and of Schoenberg v. Field, 95 Mo. App. 241, as well as of the Supreme Courts of other States. Where some desirable article for public use is patented, or held in monopoly by one person, it has been decided that in order to avoid depriving a municipality of the benefit of such article, it may be prescribed as the article to be used. But that is a monopoly made either by the patent or by reason of there being but the one kind of material.

While in the case before us there are several equal kinds in the hands of as many independent owners and the monopoly of the one kind is made, not by patent, or single ownership, but by the order of the board of public works. We decided the exact question which is presented here in Schoenberg v. Field, supra, and so did the Supreme Court of Kansas in National Surety Co. v. Hydraulic Pressed Brick Co., 73 Kan. 196.

We are cited by plaintiff to the decision in Construction Co. v. Coal Co., 205 Mo. 49, which we think has no bearing on the question and in which it is expressly stated that the rule in the foregoing cases is not touched upon. The expression cited in that case, at page 69 of the report, is that "The board of public works selected American bituminous rock and neither of the vitrified brick was mentioned. In adopting American bituminous rock it merely designated a material." That is to say, if in the case at bar the board of public works had selected vitrified brick of standard quality, it would merely have selected the kind of material for the paving. But when it selected the material and in addition named the particular party who should furnish it, it violated the law.

The argument advanced in plaintiff's behalf, as applied to this case, has not impressed us with its soundness.

The judgment is affirmed. All concur.