# W. G. RAMSEY, Appellant, v. FRANK ROTHWELL, Respondent.

### Kansas City Court of Appeals, February 3, 1913.

1. **OFFER OF JUDGMENT: Costs: Justice of the Peace.** If in an action before a justice of the peace, an offer of judgment is made by defendant before trial and it is not accepted by the plaintiff, and he does not afterwards recover more than the sum offered, the costs accruing after the offer will be assessed against the plaintiff.

2:  ———: ———: ———: **Repeated Offer: Circuit Court.** In an action appealed from a justice of the peace to the circuit court, an offer of judgment made by defendant, before the justice need not be repeated in the circuit court.

3.  ———: ———: ———: **Election of Counts.** If a plaintiff, on defendant's motion, is compelled to elect to prosecute his action on two counts and abandons the third (all arising out of the same transaction), it does not deprive defendant of the benefit of an offer of judgment made before the trial.

4.  ———: ———: ———: **Tender.** The statute permits a defendant to save himself from the costs of an action by an offer of judgment without a tender of anything.

5.  ———: ———: ———: **Judgment: Clerk: Taxing Costs.** If there has been an offer of judgment by a defendant to a plaintiff which the latter did not accept and he afterwards does not recover more, it is error under the statute to render judgment in favor of the plaintiff for all of the costs, which cannot be remedied by the clerk taxing the costs contrary to the judgment. Such error is properly reached by a motion for new trial or in arrest, filed within four days.

6.  ———: ———: **Motion to Retax: Suggestion to Court: Continuance: Power to Correct Judgment: Discretion.** If an offer of judgment is made by a defendant and not accepted by a plaintiff, and thereafter he does not recover more than the sum offered, and a judgment is rendered against defendant for the costs arising after the offer and no motion for new trial or in arrest is filed by defendant, yet if during the term, though more than four days after the judgment, he files a motion to retax the costs, it may be considered by the court, if it so desires, as a suggestion for an exercise of its power to correct the judgment on its own motion. And if the motion to retax is continued to a subsequent term, it will carry the case with it and the judgment may be corrected at such term.

Appeal from Johnson Circuit Court.—*Hon. A. A. Whitsett*, Judge.

AFFIRMED.

*J. W. Suddath & Son* for appellant.

*Jas. W. Kemper* for respondent.

ELLISON, J.—This action was begun before a justice of the peace by filing a statement containing

three causes of action arising out of the same transaction. By the first it was sought to recover five dollars as the hire of a surrey and team. The second and third were in the nature of conversion of the surrey and team and each asked damages in the sum of two hundred and twenty-five dollars.

On the day of the trial before the justice, but before the jury was sworn, defendant made a written offer to permit a judgment to be entered against him for five dollars and served notice thereof on plaintiff. The latter did not accept the offer. A motion was made by defendant to require plaintiff to elect which of the three causes of complaint he would pursue. The justice overruled the motion. A trial was then had, resulting in a judgment for defendant. Plaintiff appealed to the circuit court, where the motion to require plaintiff to elect was renewed and was sustained, and he thereupon made his election to try the second and third counts. The cause was continued and at the next term a trial resulted in a judgment in his favor for one dollar, with a clause adjudging all the costs in both the justice's and circuit courts against defendant. A motion for new trial was filed by plaintiff during the term, but more than four days after judgment; and a motion to retax the costs so as to put all costs arising after the offer of judgment before the justice, against plaintiff, was filed by defendant more than two weeks after judgment. The motion for new trial was overruled and the motion to retax the costs was sustained. Plaintiff then appealed to this court.

The motion for new trial not being filed within four days, as required by the statute, left plaintiff without right to complain of its being overruled.

. The question as to costs is really the only contention between the parties. The statute (R. S. 1909) involved reads as follows:

"Sec. 7454. The defendant may, at any time be-

168 Mo. App. 18

fore the jury is sworn or the trial is commenced, serve upon the plaintiff, or file with the justice, an offer in writing to allow judgment to be taken against him for the sum or to the effect therein specified. If the plaintiff accept the offer before the jury is sworn or the trial is commenced, by giving the defendant written notice thereof, or by filing such notice with the justice, judgment shall be entered accordingly, and plaintiff shall recover costs up to the time of receiving notice of such offer.

"Sec. 7455. If the plaintiff does not accept such offer and give notice thereof, the same shall be considered as withdrawn, and shall not be given in evidence or referred to on the trial or in the argument, and if the plaintiff fails to obtain a more favorable judgment, he shall pay the costs from the time of receiving notice of such offer, and if he fails to recover any judgment, he shall pay all the costs."

This statute permits a defendant to save himself in the costs without a tender of any such which he may admit to be due the plaintiff, if he will make an offer of judgment. [Lieurance v. McComas, 59 Mo. App. 118.] When the offer is made, as there provided, and is not accepted by the opposite party as there required, and he shall not recover more than the offer, all costs accruing after notice of the offer should be adjudged against him.

The offer once made before a justice of the peace need not be renewed in the circuit court on appeal. For if it is not accepted before the jury is sworn, it is considered to have served its purpose and is declared by the statute to be withdrawn.

Nor do we consider the fact that plaintiff afterwards elected to prosecute the action on the second and third statements of his case, abandoning the first, had the effect of nullifying his offer of judgment. Each of plaintiff's statements of his cause of action arose out of the same transaction. We cannot see any good

reason to support plaintiff's suggestion that it affected the offer.

So we conclude that defendant having offered to permit judgment to go against him by the justice for five dollars and plaintiff having failed to accept the offer, the costs thereafter accruing, both in the justice's court and the circuit court, should have been adjudged by the court against plaintiff, and the costs accruing before the offer should have been adjudged by the court against the defendant, and the clerk would then have taxed them accordingly. Error was therefore committed in entering judgment against defendant for the costs generally.

But the question remains whether any complaint can be made by defendant. As we have stated, the record shows an unaccepted offer of judgment and a judgment thereafter obtained for less than the sum offered, and yet all the costs were adjudged against the defendant. The record thus discloses a defect or error which cannot be remedied by a taxation of costs by the clerk. A motion for new trial or in arrest of judgment is the proper procedure. Neither of such motions was filed by defendant within four days, or any other time, and we think the error waived (Bosley v. Parlo, 35 Mo. App. 232; Paul v. Machine Co., 87 Mo. App. 647; Glennon v. Gates, 136 Mo. App. 421) unless the point be saved by the following considerations, which bring us to defendant's final insistence in favor of the judgment readjusting the costs and from which the present appeal was taken. The trial court had the power at any time during the term. to correct the judgment on its own motion. The paper, called a motion to retax the costs, though neither a motion in arrest nor for new trial, was filed during the term and had the effect of a suggestion to the court upon which it had authority to act and to set aside or correct the judgment if it saw proper to do so. [Ewart v. Peniston, 233 Mo. 695; Wiliams v. Rail-

road, 156 Mo. App. 675.] It seems the motion attracted the court's attention and it continued it over to a succeeding term, which carried the cause with it. [Childs v. Railroad Co., 117 Mo. 414; Harkness v. Jarvis, 182 Mo. 231; s. c., 110 Mo. App. 277. At the succeeding term an inquiry was entered upon by the court, both parties contesting, and the proper conclusion was reached that the judgment as rendered, and the costs as taxed under it, were wrong, and it was set aside and a proper adjustment of the costs was made, with a judgment that they be paid accordingly. We are constrained therefore to affirm the judgment. All concur.