# FRANK ALBERS v. CITY OF ST. LOUIS, Appellant.

Division One, July 23, 1921.

1. **BOULEVARD: Shifting Cost by Widening Street: Cancellation of Tax Bills: Corruption.** Charter provisions requiring the expense of opening a boulevard to be borne in part by the city and in part by property abutting thereon cannot be evaded by the enactment of an ordinance for widening a street but in fact establishing a boulevard, and thereby shifting the city's part of the expense of its construction upon property not subject to assessment for boulevard purposes; and where the city's part of such expense has by the subterfuge of enacting a widening ordinance been shifted to property not abutting on the street and therefore under the charter not subject to assessment to pay the cost of constructing a boulevard in such street, the owner of such property may maintain a suit to cancel the tax bills; and such a suit may be maintained without an allegation or showing that there was bribery or corruption in connection with the enactment of the widening ordinance and the proceedings thereunder. [Following Albers v. St. Louis, 268 Mo. 1. c. 357 et seq.]

2. ———: ———: ———: **Notwithstanding Judgment in Condemnation: Collateral Attack.** Notwithstanding the fact that the circuit court had rendered judgment in the condemnation proceeding establishing the boulevard and approving the assessments against the owner's property, such owner can maintain a suit to cancel the tax bills issued to pay such assessments, if they were made contrary to charter provisions.

Appeal from St. Louis City Circuit Court.—*Hon. Victor H. Falkenhainer,* Judge.

AFFIRMED.

*Charles H. Daues* and *H. A. Hamilton* for appellant.

(1) The city had the right to repeal Ordinance 22948 and abolish the boulevard therein provided for prior to the time it had actually been condemned and

opened as a boulevard. St. Louis v. Christian Brothers College, 257 Mo. 541. (2) In opening a street the city had the right to determine the width thereof, and its legislative discretion in so determining is not subject to review. St. Louis v. Brown, 155 Mo. 555. (3) There is no evidence of fraud in the enactment of Ordinance 24224 providing for the opening of Kingshighway northeast. (4) The court exceeded its jurisdiction in this case in vacating and setting aside the entire judgment in the case of City of St. Louis v. James E. Baker, and in declaring said judgment, which included the condemnation of the land, null and void. (5) The judgment assessing benefits in the case of City of St. Louis v. James E. Baker in the circuit court was a final judgment fixing the benefits chargeable against the property assessed, and said judgment is not subject to collateral attack in this proceeding. St. Louis v. Belle Place Realty Co., 259 Mo. 126; Searcy v. Clay County, 176 Mo. 493; Vrana v. St. Louis, 164 Mo. 146; Buddecke v. Ziegenhein, 122 Mo. 243.

*Wm. L. Bohnenkamp* and *Benjamin H. Charles* for respondent.

(1) The questions of law decided on the first appeal are the law of the case. Gracey v. St. Louis, 221 Mo. 1; Benton v. St. Louis, 248 Mo. 98; 15 R. C. L. sec. 430, p. 953. (2) The charter fixed the benefit district for the creation of a boulevard, confining it to lands fronting or bordering thereon. St. Louis Charter, art. 6, sec. 1 (Rombauer's Code 1912, p. 352). (3) The petition charged, the evidence established and the court found, that Kingshighway Northeast (Bircher Street) was widened and opened as a boulevard. No benefit district, therefore, other than that established by the charter could lawfully be designated; and no property outside of such district could be deemed to be benefited, nor assessed. Albers v. St. Louis, 268 Mo. 349; St. Louis v. Realty Co., 259 Mo. 136. (4) There is no conclusive

presumption that the increase of width in Bircher Street was merely to widen that highway as a street. It may be shown, and was shown in the evidence, that this widening was designed by the city to create a boulevard without complying with the boulevard provisions of the charter. The courts will look through any sham. Albers v. St. Louis, 268 Mo. 349; Kansas City v. Hyde, 196 Mo. 498, 513; Kansas City Gas Co. v. Kansas City, 198 Fed. 515. And the courts will not tolerate abuses of power. 22 L. R. A. (N. S.) 173; Bennett v. Marion, 106 Iowa, 628, 632; Albers v. St. Louis, 268 Mo. 349. (5) The repealing ordinance (24,224) under which the boulevard was in fact sought to be established was void, as found by the trial court, because it attempted to carry out a boulevard proceeding under the guise of a mere street widening. Albers v. St. Louis, 268 Mo. 349; St. Louis v. Brinckwirth, 204 Mo. 305, 306; St. Louis v. Realty Co., 259 Mo. 126. (a) The city counselor's notice that a benefit district had been established by commissioners appointed by the circuit court was therefore void, because the ordinance itself under which the proceeding was instituted was void, and because also the commissioners had attempted to establish a benefit district for a boulevard not authorized by the charter. (b) The judgment rendered in a proceeding brought under a void ordinance is itself void.

JAMES T. BLAIR, J.—The city appeals from a judgment of the circuit court which cancels certain special assessments against parcels of land owned by respondent. These assessments purported to be levied as part of the cost of the widening of Bircher Street. The case was here before on an appeal from a judgment for the city, following the trial courts action in sustaining the city's demurrer to the petition. [Albers v. St. Louis, 268 Mo. 349.] This court held the petition good and reversed the judgment and remanded the cause. On the hearing which followed that remandment the

289 Mo.—35

trial court found the facts to be as alleged in the petition and canceled the special assessments, as stated. Appellant offered no evidence. The evidence offered by respondent proves the allegations of the petition considered in the opinion on the former appeal, and a reference to those allegations will, therefore, be substantially sufficient to disclose the facts of this record.

In brief, to recapitulate, the petition alleges, the evidence shows and the trial court found that the city undertook to open and improve a rather elaborate boulevard from the river on the south side of the city around the western limits and to the river again on the north side of the city. Kingshighway Northeast was to constitute a part of this boulevard, and it included Bircher Street, then a little used street, sixty feet wide, in a sparsely settled residence district, upon which there was but scant traffic and that of a sort found in such communities. The principal use was by a comparatively small number of delivery wagons which served the people of the neighborhood. Under the boulevard scheme the width of Bircher Street was to be increased to two hundred feet. A service roadway and two pleasure driveways were to be constructed, and parkways, with trees, etc., and sidewalks were to occupy the remainder of the two hundred feet. This plan conformed Bircher Street to the general boulevard scheme. Its name was to be changed and it was to become a part of Kingshighway Northeast.

Under the charter the expense of opening the boulevard was required to be borne in part by the city at large and in part by the property abutting on the boulevard. To pay the city's part of the expense the people of St. Louis voted bonds for $500,000. These bonds were then sold and the money became available. Thereafter, the major portion of this half million dollars was expended for purposes outside those for which the people voted it. About $263,000 was expended for parks and some of these were adjacent to Kingshighway North-

east.   The amount thus expended would have been much
more than sufficient to pay the city's share of the ex-
pense of transforming Bircher Street into the proposed
boulevard.   As a result of these unauthorized expendi-
tures from the fund voted by the people the city found
itself without the funds necessary to complete the pay-
ment of its part of the cost of opening the boulevard as
planned.   It had no power under the charter provisions
respecting the opening of boulevards to assess benefits
against lands not abutting upon the boulevard.   Parts
of the boulevard had been opened according to the orig-
inal plan, and the city had paid its share of the expense
for some of these.   In this situation the idea was hit
upon to repeal the boulevard ordinance as to certain
sections first included in it but which there was no money
left to open under the charter provisions respecting
boulevards, and then proceed to "widen" the streets
along which these unfinished sections ran.   Under the
charter provisions respecting the "widening" of streets
the benefit district might be made to include property
other than that abutting on the street so widened.   In
furtherance of this the boulevard ordinance was repealed
in so far as it affected Bircher Street and an ordi-
nance was passed for "widening" that street, and, in-
cidentally, for changing its name to Kingshighway
Northeast.   By the widening ordinance there was pro-
posed to be accomplished a result identical with that
which would have been accomplished had Bircher Street
been transformed into a boulevard under the original
boulevard ordinance affecting it.   The ordinances, plats
and the testimony of the then city officials and of experts
show that the actual result of the carrying into effect of
the proceedings for "widening" Bircher Street is to
transform it, in fact, into a boulevard and into the same
boulevard, in kind and character, which would have re-
sulted had the city proceeded under the original ordi-
nance and paid its share of the expense, as the charter
required, of establishing such boulevard.   Under the

street widening ordinance a boulevard in fact is established, but the city's responsibility for its part of the expense in establishing it is evaded by subterfuge. Respondent's lots do not abut upon the improvement. The evidence is indisputable that there was no traffic need for the change. This also tends to prove that the intent of the second ordinance was to evade the charter provisions. This statement of the evidence in part supplements and in part is supplemented by the facts which appear in the former opinion as allegations, but which, as stated, are now shown to be proved and were so found by the trial court. These facts were held on the former appeal to be sufficient, if proved, to require the cancellation of the assessments against respondent's property. [Albers v. St. Louis, 268 Mo. l. c. 357 et seq.] The points made on this appeal are substantially the same as those pressed on the former appeal. The former decision is the law of the case, and we do not find in the brief any insistence, directed against the former opinion, which did not have consideration in that opinion. We adhere to that decision.

It is said there is no evidence of bribery or corruption in connection with the ordinance and proceedings upon which the street widening proceedings depend. There is neither contention nor holding that there was anything of that kind. The question is whether by subterfuge the charter provisions respecting the opening of boulevards have been evaded and a boulevard in fact established and its expense, in part, illegally assessed against property not subject to assessment therefor under the charter of the city, and the city, by that subterfuge and evasion, enabled to shift its financial burden to the shoulders of its citizens.

Complaint is made that the trial court set aside the judgment in City v. Baker in which the assessments against respondent's property were approved and confirmed. The very purpose of this proceeding is to cancel these assessments. The power of the court to cancel

them in this case on the facts which appear was affirmed in the former decision. The reasons are set forth in the opinion then delivered. The net result of the judgment on this trial is the cancellation of the special assessments mentioned, and the effect of that opinion and this is that the judgment in City v. Baker does not afford a cover which will protect these assessments against cancellation. This matter also is decided, in effect, in the former opinion, and no sound reason for abandoning that holding is advanced or occurs to us.

The judgment is affirmed. All concur, except *Elder, J.,* not sitting.