BARBER ASPHALT PAVING COMPANY v. HUNT,
*Appellant.*

1.  **St. Louis City Charter** : PASSAGE OF ORDINANCES. The provision of the St. Louis city scheme and charter (R. S. 1879, p. 1584, sec. 22), relating to the passage of ordinances which requires the presiding officer of each of the two houses of the municipal assembly to affix his signature to a bill in open session, is mandatory.

2.  ————: ————. The other provisions of said section relating to mere matters of detail in the passing of ordinances are directory, and, where no objection because of their non-observance is noted on the journal, the presumption will be indulged that they were complied with.

3.  ————: ————: FILING OF BILL WITH CITY REGISTER. An ordinance of the city of St. Louis is not invalid under its charter because of its having been filed by the mayor in the city register's office, instead of being returned to the house in which it originated, it appearing that both houses had adjourned on the day it was presented to the mayor.

4.  ————: STREET IMPROVEMENT : PATENTED ARTICLE. A provision of the St. Louis city charter relating to street improvements, which provides that the board of public improvements shall "let out said work by contract to the lowest responsible bidder, subject to the approval of the council," does not prohibit the council from requiring a species of work covered by letters patent.

*Appeal from St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

AFFIRMED.

*C. M Napton* for appellant.

(1) The ordinances authorizing the work were not passed in accordance with the charter requirements : (*a*) The journal shows that two necessary prerequisites of the charter were not complied with, viz.: That the speaker before affixing his signature should "suspend all other business and declare that such bill shall now be read," and also "before any other business is entertained" affix his signature, which fact shall be noted in the journal. (*b*) The bills were never returned to the house in which they originated, and, for this reason, are invalid. *Spangler v. Jacoby*, 14 Ill. 297 ; *Turly v. County*, 17 Ill. 151; *Fowler v. Pierce*, 2 Cal. 165 ; *People v. Hatch*, 33 Ill. 9 ; *Trustees v. County*, 1 Nev. 340; 45 N. H. 607. (2) The bills are invalid because they required the work to be done according to certain specifications, and this specified mode of street re-construction was covered by letters patent of the United States, and hence the ordinances violated the provisions of chapter 32, article 8, of the charter. *Dean v. Charlton*, 23 Wis. 590; *Wells v. Burnham*, 28 Wis. 112; *Nicholson, etc., v. Painter*, 35 Cal. 699; *Ruggles v. Collier*, 43 Mo. 353; *Burgess Bennett v. City of Jefferson*, 21 La. Ann. 143; *In re, etc., v. Mayor*, 4 Abbott's N. Y. Prac. Rep. 397.

*Hitchcock, Madill & Finkelnberg* for respondent.

(1) This appeal should be dismissed, for reasons set forth in the motion to dismiss, of which a copy is served on appellant's counsel, together with this brief, the original to be filed in said cause. See rules 15, 16

and 19 of this court; *Cassell v. Fagin,* 11 Mo. 209; *Robards v. Lamb,* 76 Mo. 192; *St. Francis Mill Co. v. Sugg,* 83 Mo. 478. In reply to the brief filed for appellant, should that be considered by the court, the following points are submitted for respondent: (2) City ordinances numbers 12,445 and 12,448, set out in the petition, were properly held valid ordinances under the proof made. The record shows that both the city ordinances in question were pleaded at length in the petition, and that each of the special tax bills sued on was duly pleaded and proved by plaintiff, and was duly certified under the city charter. This made out a *prima facie* case for plaintiff on each count, implied that the ordinances in question were valid, and shifted the burden of proof. City Charter, art. 6, sec. 25 (2 R. S. 1879, p. 1610); *Ess v. Bouton,* 64 Mo. 105; *Seibert v. Allen,* 61 Mo. 486; *Neenan v. Smith,* 60 Mo. 294; *Stifel v. Dougherty,* 6 Mo. App. 443; *Waud v. Green,* 7 Mo. App. 82; *Eyermann v. Blakesly,* 9 Mo. App. 232. (3) Defendant wholly failed to rebut the *prima facie* case so made for plaintiff. (*a*) The journal of the house of delegates showed that each of said ordinances was signed by the speaker, in the presence of the house, in open session, in the manner prescribed by the charter, on March 20, 1883. City Charter, art. 3, sec. 22 (2 R. S. 1879, p. 1584). (*b*) Said journal further showed that each of said ordinances, after being duly passed by the municipal assembly, was duly transmitted to the mayor for his approval, on March 27, 1883, on which day both houses of said assembly adjourned *sine die;* and it was admitted that said ordinances were on file in the city register's office, signed by the mayor. This was sufficient under the charter. (*c*) The construction put by appellant upon article three, section 23, of the charter, is purely arbitrary, unauthorized and inconsistent with subsequent charter provisions on that subject. City Charter, art. 3, secs. 23, 24, 28 (R. S. 1879, pp.

1584, 1588); 1 Dillon Mun. Corp. [3 Ed.] secs. 309, 331, 422. (d) The charter provisions in question are affirmative and directory merely, and "are liberally construed by the courts rather than to limit and cripple legislative enactments any further than is made necessary by the absolute requirements of the law." *Ex parte Bedell*, 20 Mo. App. 129–30; *Railroad v. The Governor*, 23 Mo. 353; *Cape Girardeau v. Riley*, 52 Mo. 426; *St. Louis v. Foster*, 52 Mo. 513; *Ball v. Fagg*, 67 Mo. 481, 484; *State v. Miller*, 45 Mo. 497; *Ewing v. Hoblitzelle*, 85 Mo. 72; *State ex rel. v. Mead*, 71 Mo. 266; *State ex rel. Harris v. Herrmann* (First opinion filed December 22, 1881.) (4) The record shows no error in the ruling of the circuit court upon defendant's offer of certain letters patent. Said letters patent are not, nor is any part thereof, preserved in the bill of exceptions. This court, having no knowledge of the contents of said papers, cannot presume that they were relevant or material, and will presume that the circuit court ruled correctly. *Overholt v. Veiths*, 93 Mo. 425; *Kansas City v. Clark*, 68 Mo. 588. Even were it admitted that the pavement in question was covered by said letters patent, and that plaintiff was exclusive owner of the right thereunder, though nothing of the kind was either proved or admitted, such evidence would have been immaterial under section 27, article 6, of city charter. *In re Dugro*, 50 N. Y. 513; *Baird v. The Mayor*, 96 N. Y. 582–3; *Hobart v. Detroit*, 27 Mich. 246; *Mills v. Charlton*, 29 Wis. 411; *Dean v. Borchsenius*, 30 Wis. 236; *Binney v. Chesapeake, etc.*, 8 Peters' R. 214, 219.

SHERWOOD, J.—This cause was tried without the intervention of a jury, and resulted in a judgment for the plaintiffs, enforcing the lien of certain tax bills, and from this judgment the defendant appeals.

The grounds upon which the defendant resists the payment of the tax bills in suit are two: *First*, that the ordinances in question were not passed and approved as required by the charter; and, *second*, that the work

provided for in the ordinances was not let as provided in section 27, article 6, of the charter.

The charter provisions in respect to passing ordinances, article 3, section 22, are as follows : "No bill shall become an ordinance until the same shall have been signed by the presiding officer of each of the two houses in open session, and, before such officer shall affix his signature to any bill, *he shall suspend all other business, declare that such bill will now be read, and that, if no* objections be made, he will sign the same to the end that it may become an ordinance. The bill shall then be read at length, and, if no objection be made, he shall, in the presence of the house, in open session, *and before any other business is entertained,* affix his signature, which fact shall be noted on the journal, and the bill immediately sent to the other house." (2 R. S. 1879, p. 1584.)

Defendant put in evidence the journal of the house of delegates for March 20, 1883, which, after giving in full the report of the proper committee that these two bills were truly enrolled, proceeds as follows :

"The bills, as above, were read at length. No objection being made, Mr. Speaker Marriott, in the presence of the house, in open session, affixed his signature thereto, as required by the charter."

Upon this fact being thus shown by the journal, the defendant contends that two of the charter provisions marked above, in italics, were not complied with, and, therefore, the ordinance passed is null. These provisions of the charter are copied from section 37, article 4, of our state constitution. And upon that section it has been ruled that a bill passed by the legislature became a law where the same was signed by the presiding officer of each of the two houses, in open session, that this provision was *mandatory;* but the other provisions, relating to mere matters of detail, were but *directory,* and as no objection was noted on the journal, the presumption would be indulged that the matters of

detail were complied with; that the legislature pro-
ceeded by *right* and not by *wrong*. *State ex rel. v.
Mead*, 71 Mo. 266. Here, the journal expressly recites
that the signature of the speaker of the house was
affixed in open session. On the authority of the case
cited, it must be ruled that the bills in question became
ordinances as against the objection already considered.

But it is urged that the bills failed to become laws
because never returned to the house in which they
originated.

Section 23 of article 3 of the charter provides :

"Every bill presented to the mayor and returned
within ten days to the house in which the same origin-
ated, with the approval of the mayor, shall become an
ordinance."

The testimony shows the bills, though signed by the
mayor, were not thus returned, both houses having
adjourned March 27, 1883, *sine die*, the day on which
the bills were presented to the mayor for his approval.
But the testimony also shows that the mayor, on the
same day, filed the bills in the city register's office on
the day of their approval.

Section 28 of article 3 of the charter contemplates
that cases will arise where a bill shall not have been
returned to the house where the same originates; and,
besides, there is no provision in the charter that "*no
bill shall become an ordinance*" which shall *not* be
returned by the mayor to the house where the same
originated. The same considerations, therefore, apply
here as were applied in *Mead's case, supra*. And we
hold the ordinances valid as against this objection also.

Section 27 of article 6 provides how bids for work
shall be awarded, to-wit: That the board of public
improvements shall "let out said work by contract to
the lowest responsible bidder, subject to the approval of
the council."

Upon this point it is insisted that such provision
was violated, because the work of street paving,

prescribed by the ordinances, was covered by letters patent, under which plaintiff held the exclusive right, and, therefore, there was no competition for said work. This point, though adjudicated in other jurisdictions, is a case of first impression in this state. In New York, it has been ruled under a statute requiring all city work to be let "to the lowest bidder," that the common counsel were not prohibited from letting a contract for paving a street with material, or in a manner not admitting competitive bids or proposals. *In re Dugro,* 50 N. Y. 513. This ruling was approvingly followed in *Baird v. Mayor,* 96 N. Y. 567. Prior to the time the subject was discussed in New York, a similar ruling had been made in Michigan. *Hobart v. Detroit,* 17 Mich. 246. These cases seem to us to rest upon the correct basis. It certainly was never intended that the city authorities should be unable to make a contract, however necessary to the public welfare such contract might be, if the article desired, or the manner of the performance of the contract, required the use of a patented article. Such a construction of the charter we regard as "*sticking in the bark,*" and as subordinating the whole powers conferred on the common council to the meaning of two or three words contained in a single section of the charter. Besides, the rights of those interested are protected by the necessity of obtaining the approval of the council to any contract.

A different view of the matter under discussion has been taken in Wisconsin (*Dean v. Charlton,* 23 Wis. 590), but by a divided court, and it is noteworthy that the legislature of that state did not approve the view of the statute taken by the court, and changed the statute, so as to prevent the continued prevalence of the objectionable ruling. *Mills v. Charlton,* 29 Wis. 400; *Dean v. Borchsenius,* 30 Wis. 236.

For these reasons we affirm the judgment. All concur, but BARCLAY, J., not sitting.