PHILIP TAYLOR et al., Respondents, v. STEPHEN F. SCHROEDER et al., Appellants.

Kansas City Court of Appeals, May 4, 1908.

1. **APPELLATE JURISDICTION: Constitutional Question: Transfer to Supreme Court: Good Faith.** Though a case contain a constitutional question, yet if the same has been settled by repeated adjudications of the Supreme Court the raising of the question will not be regarded as made in good faith so as to warrant the transfer of the case to the Supreme Court.

2. **TAXBILLS: Competition: Monopoly: Cancellation.** Where the different material fixed by ordinance and contract for street improvement is in the hands of a monopoly so as to stifle competitive bidding the contract is void, but a municipality is not forced to use clearly inferior material in order to secure competitive bidding; on the facts it is held that the requirement for "diamond vitrified paving brick" was such a designation as to exclude from competition other brick of equally good quality and the contract and subsequent tax bill were therefore subject to cancellation.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale,* Judge.

AFFIRMED.

*Elijah Robinson* for appellants.

(1) Upon the record in this case it should be transferred to the Supreme Court. State ex rel. v. Smith, 177 Mo. 69. (2) Upon the merits it is submitted that the judgment should be reversed. Schoenberg v. Field, 68 S. W. 945; 95 Mo. App. 241.

*J. W. Gillespie* for respondents.

BROADDUS, P. J.—This is a suit in equity brought to set aside and cancel certain special taxbills issued by Kansas City for the paving of Howard street from Grove street to Brooklyn avenue. The objection to the taxbill is that the ordinance and contract for the work required the use of Diamond vitrified paving

brick, thus limiting the contractor to one kind of brick, thereby cutting off competition. The evidence showed that there was only one company which made that particular kind of brick. The evidence showed also that there was three different manufacturers who made similar bricks which met the specifications for brick pavement, adopted by Kansas City, and that were on the market for sale in said city. Chemical analysis of the material from which the three kinds of bricks were made differed somewhat in color, texture and in tests of absorption and tensile strength.

At the beginning of the trial the defendant objected to the introduction of any evidence on the ground that no objection to the taxbills had been filed with the board of public works within sixty days of their issue, as required by section 23, article 9, of the charter of Kansas City. The court overruled the objection on the ground that said provision was unconstitutional.

The court found the issues for the plaintiff and ordered the cancellation of the taxbills. The defendant appealed. The appeal was to this court. Upon motion the case was transferred to the Supreme Court because the issues involved a construction of the constitutionality of said ordinance. A motion was made by the plaintiff in the Supreme Court to dismiss the appeal because that court had no jurisdiction. That court, however, ordered the cause transferred to this court. The defendant renews its motion to transfer the case to the Supreme Court again on the ground that it involves the constitutionality of said section.

The Supreme Court in the case of Dickey v. Holmes, 208 Mo. 664, which was certified from this court on the ground that it involved said section of article 9, of the charter of Kansas City certified it back to this court, not because there was not a constitutional question involved but because the question had so often been determined. We quote from the opinion as fol-

lows: "The case of Barber Asphalt Co. v. Ridge, supra, was decided in Division Two, June 18, 1902; State ex rel. v. Smith, supra, in Court in Banc, on July 30, 1903, and in Paving Co. v. Munn, supra, on December 24, 1904, while the appeal in the case at bar was granted on the 23d day of January, 1905; so that before the appeal in this case was taken Division Two of this court had twice, and the Court in Banc had once, decided the charter provision in question unconstitutional and void, and both divisions a number of times since. In view of these repeated adjudications, can there be any merit in this appeal? If there is, we fail to appreciate it, and are forced to the conclusion that the constitutional question is not raised in good faith."

On the merits of the controversy the defendants endeavor to draw a distinction between this and the case of Schoenburg v. Field, 95 Mo. App. 421. The two are practically identical. In each the ordinance provides that the work and improvement shall consist of the wearing surface of Diamond vitrified paving brick. The opinion of this court by ELLISON, J., was to the effect that the Board of Public Works in selecting material for the improvement of a street cannot select a material manufactured by a single firm and thus cut off competition. The question came before this court in Curtice v. Schmidt, the opinion in which is incorporated in that of MARSHALL, J., who delivered the opinion in State ex rel. v. Smith, 177 Mo. 69, wherein this court approved of the holding in Schoenburg v. Field, supra.

The opinion on the merits of the case of Curtice v. Schmidt is reported in 202 Mo. 703. It is there said: "Defendants claim that the designation made by the board of public works, and incorporated in the contract, were such as encouraged monopoly, stifled and restricted bidding and restricted competition and that for this reason the contract was void. In the contention of defendants we concur." The case of Schoenburg v. Field

was unqualifiedly approved and for the reasons given adopted by the court. The court further said: "We are not disposed to extend the doctrine of Barber Asphalt Paving Co. v. Hunt, 100 Mo. 22; Verdin v. St. Louis, 131 Mo. 26; and Swift v. St. Louis, 180 Mo. 80, further than is in those cases announced." The doctrine of those cases summed up by the court is as follows: "If we understand that doctrine, it is to the effect that, notwithstanding the city is required to have competition in the letting of contracts, yet if there is a patented article, or an article not patented, but in the hands of one person or company, which article is necessary for the public improvement, and there are no other persons having the same general character of material, which could be brought into competition, the municipality is not forced to use other clearly inferior material, on account of the requirement for competition bidding."

The defendants claim that this case comes within this rule. But this is a misapprehension of the facts in proof. That there was some difference in the material of the different paving bricks on the market in Kansas City, Missouri, was shown by the evidence. But the difference was slight and they were all of the same general character and practically equal in all the qualities requisite for such street improvements. Besides these different kind of bricks complied with the test established by the board of public work for paving bricks in Kansas City. Under the authority of the case last referred to, in order to justify the selection of any article not patented for paving streets it must appear that there are no other material of the same general character which can be brought into competition.

The decision in Schoenburg v. Field has been the subject of much discussion but as it has been reaffirmed by this court and met with the approval of the supreme court it does not seem to be an open question now as to

the law governing such cases. The cause is affirmed. All concur.