SALLIE R. CUSTER et al., Appellants, v. CITY OF SPRINGFIELD et al., Respondents.

Springfield Court of Appeals, December 2, 1912.

1. MUNICIPAL CORPORATIONS: Public Improvements: Patented Pavement: Pleading. In an action against a city and city officials seeking to enjoin them from entering into a street paving contract and to have an ordinance authorizing the pavement adjudged void on the grounds, as alleged in the petition, that the ordinance required Hassam pavement, a patented pavement, to be used and that such patent was a subterfuge to prevent competitive bidding by the makers of other concrete paving, composed of practically the same material and of the same general character as the said Hassam pavement, defendants filed a demurrer to the petition. *Held*, that the demurrer to the petition was properly sustained by the trial court.

2. ——: ——: ——: Competitive Bidding. As a general rule, where the charter of a city provides that public work and material purchased therefor shall be let to the lowest and best bidder, there must be an opportunity for active competition; but the exception to this rule, based on the supposed

·necessity of the situation, is that where there is a patented article or one held in monopoly, which in the eyes of the authorities is of such exceptional superiority that it would be a public injury to be deprived of it, it may be required to be used.

3. ———: ———: ———. A city council acting in good faith has the right to designate a patented article to be used for the improvement of its streets and also the right to select any article not patented, providing it appears that there are no other materials of the same general character which can be brought into competition.

4. ———: ———: ———: **Fraud: Pleading.** In an action against a city to prevent its making a contract for the improvement of a street, the allegation in the petition that the pavement used was patented and that the patent is a subterfuge created for the purpose of endeavoring to prevent competitive bidding, does not properly plead facts which constitute fraud or bad faith but is rather a general expression and insinuation.

5. ———: ———: **Resolution: Remonstrance.** The municipal authorities of a city of the third class preliminary to entering into a contract for the pavement of a street, are required to publish a resolution stating directly or by reference the nature and character of the improvement. This is the only provision of the statute for notifying the property owners of what the council proposes to do and the property owners may prevent the improvement by filing a certain remonstrance within a certain time after the publication of the resolution.

Appeal from Greene Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Wright Bros.* for appellants

(1) Lowest and best bidder required and protects public against favoritism and corruption. R. S. 1909, Sec. 9255; Schoenberg v. Field, 95 Mo. App. 241; Curtice v. Schmidt, 202 Mo. 703; Paving Co. v. McLord, 145 Mo. App. 145. (2) An ordinance requiring material to be purchased of some designated person, or which was manufactured by some designated person, was a violation of such salutary provision and was void. Paving Co.· v. McLord, 145 Mo. App. 144;

Schoenberg v. Field, 95 Mo. App. 241; Curtice v. Schmidt, 202 Mo. 703; Swift v. St. Louis, 180 Mo. 80. (3) Petition alleges other material of same general character and value as Hassam was used in Springfield. The court says in Swift v. City, 180 Mo. 80: "We readily concede that if it had appeared that if more than one firm made coal tar cement of uniform quality, then it would have been the bounden duty of the board to have fixed a standard and invited competition as was ruled in Schoenberg v. Field, 95 Mo. App. 241. In that case it was properly ruled that when the board of public improvement arbitrarily selected vitrified brick of certain make, when the board's own records disclosed that other manufacturers made brick of the approved standard, it was a denial of competition and void." Construction Co. v. Coal Co., 205 Mo. 49; Paving Co. v. McLord, 145 Mo. App. 147. (4) The defendants invoke the support of the cases of Barber Asphalt v. Hunt, 100 Mo. 22; and Verdin v. City of St. Louis, 131 Mo. 91. The Hunt & Verdin cases merely attempt to hold that the patented material was not to be excluded because patented, and not that because the material is patented it excludes all other materials. The court in Curtice v. Schmidt, 202 Mo. 703, 725, says: "If we understand that doctrine (referring to the Hunt, Verdin and Swift cases), it is to the effect that, notwithstanding the city is required to have competition in the letting of contracts, yet if there is a patented article, or an article not patented, but in the hands of one person or company, which article is necessary for the public improvement, and there are no other persons having the same general character of material, which could be brought into competition, then the municipality is not forced to use other clearly inferior material on account of the requirement for competitive bidding." "The designation of material in the ordinance, as well as the selection made by the board of public works, should

have been couched in such language as would secure unhampered and unrestricted competitive bidding.'' Curtice v. Schmidt, 202 Mo. 726.

*Leonard Walker & Fred Moon* for respondents. *Frank B. Williams, Amicus Curiae.*

(1) In the cities of the third class, the power to select and designate the kind of paving for a particular street, lies, in the first instance, with the city council and is to be exercised by resolution. Secs. 9254-9255, R. S. 1909; Amended Laws 1911, pp. 337, *et seq.;* Field v. Paving Co., 24 Sup. Ct. 787. (2) This power falls in the legislative class and is not subject to control by the courts. Field v. Paving Co., 24 Sup. Ct. 787; McMaster v. Waynesboro, 50 S. E. 123; Kansas City v. Trieb, 76 Mo. App. 478; Paving Co. v. French, 158 Mo. 534; Heman v. Shulte, 166 Mo. 409. (3) But it is subject to veto by direct legislation of the resident interested property owners, by way of remonstrance. Sec. 9255, R. S. 1909; Laws 1911, p. 340; Sedalia v. Montgomery, 109 Mo. App. 197. (4) The selection of a patented pavement is within the legitimate exercise of the right of the council to initiate street improvements by resolution. Sec. 9255, R. S. 1909; Amended Laws, 1911, p. 340; Paving Co. v. Hunt, 100 Mo. 22; Verdin v. St. Louis, 131 Mo. 26; Swift v. St. Louis, 180 Mo. 80; Allen v. Labsap, 188 Mo. 692; Paving Co. v. Field, 188 Mo. 82; Taylor v. Schroeder, 130 Mo. App. 483. (5) There is a distinction to be drawn between the selection of a patented pavement, as in this case, and the designating of a paving material manufactured by but one company, to the exclusion of the same material manufactured by other companies. Schoenberg v. Field, 95 Mo. App. 241; Virden v. St. Louis, 131 Mo. 26; Paving Co. v. Hunt, 100 Mo. 22. (6) In the one case the monopoly is created by the exercise of the sovereign power, and is lawful; in the other it is created by the act of the

city council, and is unlawful, because no such power is delegated to the city in its charter. Glennon v. Gates, 136 Mo. App. 424. (7) While it is the general rule that under the law requiring competitive bidding, one material cannot be selected to the exclusion of others equally as good, still this rule is subject to two exceptions in favor of (1) patented articles and (2) articles held in monopoly. The case at bar falls within the first exception. Paving Co. v. McLord, 145 Mo. App. 146.

GRAY, J.—This is an appeal from a judgment of the circuit court of Greene county, sustaining a demurrer to the plaintiffs' petition. The suit is one in equity against the city of Springfield, James H. Langston, city clerk of said city, and Harry G. Horton, city engineer. The plaintiffs are the owners of real estate on Center street in said city, and seek to enjoin the defendants from entering into any contract for the construction of a pavement on said street, and to have a certain ordinance authorizing the paving adjudged null and void.

On the 17th day of October, 1911, the city council passed an order directing the city engineer to prepare and file specifications for the construction of "Hassam pavement, patented (class "B"), on Center street from Benton avenue to the National boulevard." Having adopted the preliminary statutory resolution and no remonstrance having been filed, the council, on the 2d day of January, 1912, passed an ordinance for the improvement. Section 1 of that ordinance reads: "That there is hereby ordered constructed on Center street from the center line of Benton boulevard to the west curb line of the National boulevard Hassam pavement, patented (class "B").

The petition alleges: "Plaintiffs state that by the terms of said ordinance Hassam pavement, patented (class "B"), is designated as the pavement re-

quired to be constructed on said Center street and plaintiffs say that the method of application of the material in the construction of said pavement is pat-. ented and the patentee, or his assigns, owns and controls the patent and the said method of construction.

"Plaintiffs aver and say that such patent is a subterfuge created for the purpose of endeavoring to prevent competitive bidding for the construction of street paving as required by the statutes of the State of Missouri and charter of said city, and thereby cause a fraud to be wrought upon the plaintiffs and the owners of property abutting on said street.

"Plaintiffs aver that the arbitrary selection of said Hassam pavement, patented (class "B"), by the city council will prevent and stifle competitive bidding as required by the statutes of the State of Missouri and the charter of said city; and the plaintiffs say that in the said city of Springfield, streets have been paved with material of equally as good quality as the Hassam pavement, patented (class "B"), and of the same general character and equal in all respects thereto; and such material is now so used in constructing pavements in said city and are known as "Concrete Paving," "Asphaltic Concrete Paving" and other kinds, and said concrete paving is composed of practically the same material as the said Hassam pavement, patented (class "B"), and composed of the same kind of material and of the same general character and value.

"Plaintiffs aver there is no good or sufficient reason for the city of Springfield by ordinance or otherwise to direct the construction of the pavement on said Center street with Hassam pavement, patented (class "B"), to the exclusion of other material of an equally good quality, and of the same general character and value and to the exclusion of said pavement known as "Concrete Paving," "Asphaltic Concrete Paving" and other kinds, all of which are of

equally as good quality as the said Hassam pavement, patented (class "B"), and of the same general character and value and when constructed the pavement is of the same general character as said Hassam pavement and makes an equally good pavement and is less expensive to construct. By so limiting the construction of the pavement on said Center street to the said Hassam pavement, patented (class "B"), the constructing of said pavement will be placed in the hands of the patentee or his agents in said city which will result in the plaintiffs and the other property owners being required to pay a larger price for such construction than they would be required to pay if the pavement required to be used were not limited to said Hassam pavement, patented (class "B"), and would enable the contractor to obtain an excessive and exorbitant price and compensation for the construction of said pavement.

"Plaintiffs say that said ordinance is null and void, because repugnant to the provision of the charter of said city and the statutes of the State of Missouri which require that contracts shall be awarded to the lowest and best bidder and because it arbitrarily precludes the use of any material or pavement other than Hassam pavement, patented (class "B"), although other material and pavement exists as hereinbefore stated and arbitrarily deprives the landowners of whom plaintiffs are a portion of the benefits of full and fair competition."

It is well settled by the authorities of this State, that, as a general rule, where the charter of a city provides that public work and material purchased therefor shall be let to the lowest and best bidder, there must be an opportunity for active competition. [Schoenberg v. Field, 95 Mo. App. 241, 68 S. W. 945; Curtice v. Schmidt, 202 Mo. 703, 101 S. W. 61; Swift v. City of St. Louis, 180 Mo. 80, 79 S. W. 172.]

There is an exception to this general rule based on the supposed necessity of the situation. This exception is, that where there is a patented article, or one held in monopoly, which in the eye of the authorities is of such exceptional superiority that it would be a public injury to be deprived of it, it may be required to be used. [Barber Asphalt Pav. Co. v. Hunt, 100 Mo. 22, 13 S. W. 98; Verdin v. City of St. Louis, 131 Mo. 26, 33 S. W. 480; Swift v. City of St. Louis, supra; Paving Co. v. Field, 188 Mo. 182, 86 S. W. 860; Cleveland Trinidad Paving Co. v. McLord, 145 Mo. App. 141, 130 S. W. 371.]

From these cases the rule is firmly announced that the city council, acting in good faith, has the right to designate a patented article to be used for the improvement of its streets. It therefore necessarily follows that the ordinance in question is not void simply because it designates a certain patented article, and if it is void, it must be because of certain other allegations in plaintiffs' petition relating thereto.

We will now examine these allegations. The first one is, that the pavement is patented and the patentee, or his assigns, owns and controls the patent and the method of construction. This is true of every patented article, and the prime reason for securing a patent is to secure to the patentee a privilege and exclusive right.

It is next alleged that said patent is a subterfuge created for the purpose of endeavoring to prevent competitive bidding. This can hardly be said to be an allegation of fact, but rather, a general expression and insinuation. In Paving Co. v. Field, 188 Mo. l. c. 203, our Supreme Court says: "It is absolutely essential to a valid charge of this character to plead the acts which constitute the fraud." The only allegation regarding the bad faith of the patentee in securing a patent for his pavement is that it was secured

for the purpose of preventing competition. We have just said this is the purpose of all patentees.

This leaves for consideration the only other allegation, stating that at the time the ordinance was passed, and for sometime prior thereto, there was in general use in the city, certain other material used in constructing pavements, known as "Concrete Paving," "Asphaltic Concrete Paving" and other kinds of concrete paving, composed of practically the same kind of material as the Hassam pavement, and of the same general character and class, and making equally as good pavement, but less expensive to construct; that by so limiting the construction of the pavement to said patented article, the plaintiffs and other property owners would be required to pay an exorbitant price and compensation for the improvement.

It is not alleged that the council acted in bad faith in selecting the patented article, nor is there any direct charge that the council acted arbitrarily. It is a matter of common knowledge that there is much difference of opinion regarding the kind and character of material to be used in paving public streets, and much discretion must be left to the city council of the cities in selecting the material, and where they have acted in good faith, courts are generally slow, indeed, to interfere with their discretion. The veto power is given to the property owners, and they can defeat the improvement, no matter how much it may be needed, by filing the required remonstrance.

Under the laws governing cities of the third class, the municipal authorities are required to publish a resolution as a preliminary to the public improvement. In City of Poplar Bluff v. Bacon, 144 Mo. App. 476, 129 S. W. 466, we said: "It has been decided several times in this State, that the resolution should state directly or by reference, the nature and character of the improvements, otherwise the proceedings

are without jurisdiction. The resolution, declaratory of the necessity of the improvement provided by the statute to be published in the official paper, is for the information and benefit of owners whose property is to be taxed to pay for the proposed improvement. When this notice is published, property owners are supposed to be notified thereby of what the council propose to do.''

And in Webb City v. Aylor, 163 Mo. App. 155, 147 S. W. 214, Judge Cox says: ''The property owner must look to the resolution and to the sources of information therein pointed out in order to ascertain what the city council proposes to do. Since the publication of this resolution is the only provision of the statute for notifying the property owner of what the council proposes to do, it should either be explicit in itself, or inform the property owner where he can ascertain exactly what is proposed.''

As above stated, the law provides that the property owners may prevent the improvement by filing a certain remonstrance within a certain time after the publication of the resolution.

From these provisions it is apparent that the council, in its resolution, should notify the property owner exactly what is proposed to be done. If the council should specify several different kinds of paving in one resolution, how are the property owners to know exactly what the council proposes to do? Of course, where the article is not patented, the council can designate a standard, but the patented article furnishes its own standard.

As we read the decisions of this State, they hold that the city councils, acting in good faith, have the right to designate a patented article for paving streets and also the right to select any article not patented, providing it appears that there are no other materials of the same general character which can be brought into competition.

In Taylor v. Schroeder, 130 Mo. App. 483, 110 S. W. 26, and in construing Swift v. St. Louis, 180 Mo. 80, 79 S. W. 172, the Kansas City Court of Appeals said: "Under the authority of the case last referred to, in order to justify the selection of any article not patented for paving streets it must appear that there are no other materials of the same general character which can be brought into competition."

We do not wish to be understood as holding that city councils have the unlimited power to designate a patented article for public improvement. We are only passing upon the sufficiency of plaintiffs' petition relating thereto. If plaintiffs had alleged facts tending to show that the patent was a fraud and not superior to paving material in common use, and that the city council had acted arbitrarily, or in bad faith, in selecting it, then the petition would have stated a cause of action; but as we read the petition, it simply alleges that the city council has selected a certain patented article, and that there are other kinds of pavements equally as good that can be constructed for less money. In other words, it simply asks the court to substitute its judgment for the judgment of the city council, acquiesced in by the property owner as to the character of the pavement to be constructed on Center street.

The judgment will be affirmed. All concur.