RACKLIFFE-GIBSON CONSTRUCTION CO., Respondents, v. GEORGE BELLE WALKER et al., Appellants.

**Kansas City Court of Appeals, April 21, 1913.**

**TAXBILLS: Paving: Competition: Patented Article.** Though a city charter requires competitive bidding in the letting of contracts for street paving, yet an ordinance may provide for the use of a patented paving, though the effect is to prevent and destroy competition. Cases discussed.

Appeal from Buchanan Circuit Court.—*Hon. W. K. Amick*, Judge.

AFFIRMED.

*W. H. Haynes* for appellants.

It was proper for the board of public works, to designate concrete for the paving, but it is not within the power of the board, to select a particular kind, the right of which to use is solely in one party. Schoenberg v. Field, 95 Mo. App. 241; Taylor v. Schroeder, 130 Mo. App. 483; Curtice v. Schmidt, 202 Mo. 722. The charter of the city of St. Joseph, Missouri, at the time of the passage of the ordinance and awarding the contract for the work required that all contracts relating to paving and improving streets shall be awarded to the lowest bidder. Session Acts 1903, p. 64, sec. 9.

*Frank B. Fulkerson, Joshua A. Graham* and *Hugh C. Smith* for respondent.

(1) The right of a Missouri city to enter into paving contracts calling for a patented material was raised and decided as far back at 1889, in a ruling

which held that the cities of this State had that right. Barber Asphalt Pav. Co. v. Hunt, 100 Mo. 22. (2) That ruling, though it has been questioned, has never been changed, and we have in this State an unbroken line of decisions from that date to this upholding patented pavements, notwithstanding the fact that some contractors are thereby excluded from the bidding. Barber Asphalt Pav. Co. v. Hunt, 100 Mo. 22; Verdin v. St. Louis, 131 Mo. 26; Swift v. St. Louis, 180 Mo. 80; Paving Co. v. Field, 188 Mo. 182; Barber Asphalt Pav. Co. v. Warren, 115 Mo. 572; Paving Co. v. McLord, 145 Mo. App. 141; Custer v. Springfield, 151 S. W. 760.

ELLISON, J.—Plaintiff's action is on a special tax bill issued for work on a street in the city of St. Joseph. The judgment was for the plaintiff.

Defendants insist that the bill is void from the fact that the ordinance authorizing the work provided for concrete pavement known and designated as "Hassam Pavement," to the use of which plaintiff had the exclusive right; and that therefore no competition or competitive bidding could be had as required by the charter of St. Joseph. In support of this contention it cites Curtice v. Schmidt, 202 Mo. 703, 722-727; Schoenberg v. Field, 95 Mo. App. 241.

But the "Hassam Pavement" is a patented article and the authorities just cited are not applicable, since while they assert the necessity for open specifications and competition in public work in order to validate tax bills, they except patented articles. In Barber Asphalt Pav. Co. v. Hunt, 100 Mo. 22, the Supreme Court upheld the right of cities to provide for the use of patented articles, and that case has been cited with approval since. [Swift v. City of St. Louis, 180 Mo. 80.] Curtice v. Schmidt, supra, does not overrule Barber Asphalt Pav. Co. v. Hunt, supra. Such is the understanding, as shown in Custer v. City of Springfield,

167 Mo. App. 354, 151 S. W. 759; Paving Co. v. Mc-
Lord, 145 Mo. App. 141. The Supreme Court, judg-
ing from expressions in different opinions, have up-
held the Hunt case with some regret, feeling con-
strained on the ground that *stare decisis* and invest-
ments on the faith of that case have made it necessary.

It follows that the bills are not void, and the
judgment of the circuit court must be affirmed. All
concur.