JIM E. MEEK and EMMA MEEK, his Wife, Appellants, v. THE CITY OF CHILLICOTHE, Missouri, CHRIS. BOEHNER, THOMAS ENGLAND, JOHN BURCH, RICHARD STREHLOW, C. E. MURPHY, EDWARD BARGDOLL, ROBERT BRUCE, CHARLES SPOONER and JO BROADDUS, Respondents.

Kansas City Court of Appeals, May 18, 1914.

1. **EQUITY: Injunction: Contracts for Paving.** The plaintiffs sought to enjoin the defendants from entering into a paving contract for the paving of a public street in city of Chillicothe. The city was going to pave a certain street with a patented concrete material other than the regular · concrete mixture. The plaintiffs contended that the patented material did not belong to the class exempt from the statute mandate, that the contract shall be let only after the prescribed opportunity for competitive bidding had been given. *Held*, that, the councilmen convinced themselves that the patented process was meritorious and was not a mere device to enhance the cost of concrete.

2. **MUNICIPAL CORPORATIONS: Public Improvements: Competitive Bidding.** Where the city charter provided for letting the contract for a street improvement to the lowest and best bidder, the contract must be let in conformity to such provisions, and, if not so let, will be held void, as will also the subsequent assessment. But where there is a patented article, or one held in monopoly, which in the eye of the authorities is of exceptional value and superiority that it would be a public injury to be deprived of it, it may be required to be used; the courts having concluded that lawmakers did not intend to prevent a city from securing material thus held.

3. ————: ————: **Expert Witnesses: Difference of Opinion.** Where there is a difference of opinion among experts regarding the kind and character of material to be used in paving public streets, much discretion must be left to the city council of the cities selecting the material and where they have acted in good faith, and without fraud, courts are generally slow to interfere with their discretion.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*L. A. Chapman* and *Paul D. Kitt* for appellants.

*Frank Sheetz, John H. Taylor* and *Culver & Phillips* for respondents.

JOHNSON, J.—This is an action in equity to enjoin the city of Chillicothe from entering into a contract for paving one of the public streets pursuant to an ordinance enacted for that purpose. Plaintiffs are the owners of property which would be assessed for the improvement. Chillicothe has less than 30,000 inhabitants, is incorporated under a special charter and therefore derives power and authority to pave its streets by virtue of sections 9618 to 9620, Revised Statutes 1909. The proceedings prescribed in those sections for the paving of a street include the passage by the council and the publication of a resolution declaring such work and improvement necessary to be done and the preparation by the engineer and filing of plans and specifications and of an estimate of the cost of the improvement. Property owners are given an opportunity to protest against the proposed improvement in writing and if owners who are residents of the city and who own a majority of the front feet abutting on the street do not protest within the allotted time "the council shall have power to cause a contract for said work to be let to the lowest and best bidder on the plans and specifications filed as aforesaid with the city clerk by the city engineer . . . not less than one week's advertisement for bids thereon being made in some newspaper published in the city.".

Further it is provided: "When the council shall by ordinance find and declare that a majority of the resident owners of the property liable to taxation therefor, who shall also own a majority of the front feet owned by residents of the city abutting on the street

or alley, proposed to be improved, have not filed with the city clerk a protest against such improvement, such finding and declaration shall be conclusive after the execution of the contract for said improvement, and no special tax bill shall be held invalid for the reason that a protest sufficiently signed was filed with the city clerk.''

All of these statutory prerequisites were properly performed in the present case but before the contract was let plaintiffs brought the present suit.

The resolution, specifications, estimate, initiatory ordinance and the various publications required by law provided for the pavement of the street with ''Hassam pavement'' a patented process controlled by a monopoly. The real ground on which plaintiffs claim the right to enjoin the city from letting the contract is that the pleaded and proved facts show beyond question that the patented material does not belong to the class exempt from the statutory mandate that the contract shall be let only after the prescribed opportunity for competitive bidding has been given. It appears from the evidence that the council selected Hassam pavement in deference to the written request of a majority of the property owners. A strong minority protested, but the council found, and the ordinance for doing the work recited, that the protest was not signed by a majority and there is no evidence in the record contradictory of that finding and recitation. Plaintiff introduced two witnesses who testified as experts that Hassam pavement which is a species of concrete paving is inferior in every way to concrete mixed and applied in the ordinary manner, is less expensive, and that the street could be paved with common concrete at a cost of about two-thirds of the estimate for Hassam pavement.

Plaintiffs argue from these facts that the monopoly created by the patent is nothing short of a fraudulent device by which the monopolistic contractor is en-

abled to obtain sixty per cent more for inferior concrete than standard concrete would cost the property owners under open competition. Further it is charged in the petition and evidence of plaintiffs that the council made no investigation to ascertain the relative merits of the patented and unpatented concrete pavements, but allowed the petitioning property owners to control their choice of paving materials, while the charter imposed the duty of the council of exercising its own discretion and judgment in the selection of a pavement for the street.

At the close of plaintiffs' evidence the court rendered judgment for defendant and plaintiffs appealed.

The general rule is that where the city charter provides for letting the contract for a street improvement to the lowest and best bidder, the contract must be let in conformity to such provisions and if not so let will be held void, as will also the subsequent assessment. [Schoenberg v. Field, 95 Mo. App. 241; Paving Co. v. McLord, 145 Mo. App. 141; Curtice v. Schmidt, 202 Mo. 703; Custer v. Springfield, 167 Mo. App. 354.] But as we observed in Paving Company v. McLord, supra, there is a well-recognized exception to this rule, viz., "where there is a patented article, or one held in monopoly, which in the eye of the authortiies is of such exceptional value and superiority that it would be a public injury to be deprived of it, it may be required to be used; the courts having concluded that the lawmakers did not intend to prevent a city from securing material thus held." [Barber Asphalt Pav. Co. v. Hunt, 100 Mo. 22; Verdin v. City, 131 Mo. 26; Paving Co. v. Field, 188 Mo. 182; Custer v. Springfield, supra.]

Where the law invests the council with authority to prescribe the character of the proposed improvement, and the council, in good faith, selects a patented material controlled by a monopoly, such action cannot be impugned on the ground that the material, in fact,

possesses no points of superiority over others used for the same purpose. There is no proof that the council acted in bad faith and without such proof the whole case of plaintiffs falls to the ground. Concede that plaintiffs' witnesses were disinterested and correct in their opinion that the patented concrete was not superior to the common, such facts alone would not accuse the members of the council of bad faith, but only of having displayed poor judgment.

As is said by the Springfield Court of Appeals in Custer v. Springfield, supra: "It is a matter of common knowledge that there is much difference of opinion regarding the kind and character of material to be used in paving public streets, and much discretion must be left to the city council of the cities in selecting the material, and where they have acted in good faith, courts are generally slow, indeed, to interfere with their discretion. The veto power is given to the property owners, and they can defeat the improvement, no matter how much it may be needed, by filing the required remonstrance."

In the absence of convincing proof of fraud or bad faith we must assume the council honestly exercised the discretion reposed in it by law. Courts should be careful not to be led into substituting their judgment for that of the city council in matters over which the law intends the latter should have exclusive jurisdiction, and should not interfere except in cases of *male fides,* or of a clearly arbitrary abuse of discretion. Mere errors of judgment afford no ground for equitable interference.

We do not find the charge well supported that the council selected the Hassam pavement blindly and arbitrarily in obedience to the wishes of the petitioning property owners. We think the evidence, when analyzed, shows the councilmen convinced themselves that the patented process was meritorious and was not a mere device to enhance the cost of concrete. Instead

of being reprehensible, it was praiseworthy for them to listen attentively and sympathetically to the request proffered by a majority of the owners whose property would be taxed to pay for the improvement.

We are persuaded the learned trial judge took a proper view of the case. The judgment is affirmed.

All concur.